UNITED STATES, Appellee

v

KENNETH E. GUY, Private First Class,
U. S. Marine Corps, Appellant

17 USCMA 609, 38 CMR 407

No. 20,956

June 28, 1968

*Robinson O. Everett, Esquire,* argued the cause for Appellant, Accused. With him on the brief was *Major L. G. Bohlen,* USMC.

*Commander Walter F. Brown,* USN, argued the cause for Appellee, United States. With him on the brief was *Colonel C. R. Larouche,* USMC.

### Opinion of the Court

KILDAY, Judge:

Appellant Private First Class Guy was arraigned with Lance Corporal Robertson and Private First Class Thompson before a general court-martial convened at Da Nang, Republic of Vietnam, charged with rape, carnal knowledge, assault, and assault with a dangerous weapon, in violation of Articles 120 and 128, Uniform Code of Military Justice, 10 USC §§ 920 and 928, respectively. He entered a plea of not guilty. Appellant was found guilty of rape and

carnal knowledge and not guilty of the assault charges. He was sentenced to dishonorable discharge, total forfeitures, confinement at hard labor for ten years, and reduction to the pay grade of E-1. The convening authority then approved. A board of review in the office of the Judge Advocate General of the Navy, by divided opinion, set aside the finding of guilty and the sentence. However, following the grant of a Government motion for reconsideration, the board of review thereafter "disaffirmed" its

decision and upon reconsideration, with one member dissenting, disapproved the finding of guilty as to rape but approved the finding of guilty as to carnal knowledge. It affirmed so much of the sentence as provided for dishonorable discharge, total forfeitures, confinement at hard labor for two years, and reduction to the pay grade of E–1.

Although tried jointly with Robertson and Thompson, appellant Guy thereafter separately petitioned this Court and we granted review to consider the question of whether or not the board of review's reconsideration of its original decision was unauthorized and involved command control, and whether or not the prosecution failed to establish compliance with the decisions of Miranda v Arizona, 384 US 436, 16 L ed 2d 694, 86 S Ct 1602 (1966); and United States v Tempia, 16 USCMA 629, 37 CMR 249.

These issues are the same as those raised on appeal by Robertson and Thompson, and decided by opinion this day. For the reasons there shown, we again hold that the allegation of command control is unsupported by fact and that the board of review had jurisdiction to reconsider its original decision.

Conversely, in the *Robertson* and *Thompson* opinion we concluded the Government had not complied with *Miranda-Tempia* warning requirements and —rejecting the application of waiver —that prosecution did not thereafter affirmatively show appellant's trial testimony not to have been induced by his erroneously admitted pretrial statement. The finding of guilty was thereupon overturned. The same rationale applies here.

The finding of guilty is set aside. The decision of the board of review is reversed and the record of trial is returned to the Judge Advocate General of the Navy. A rehearing may be ordered.

Judge FERGUSON concurs.

Chief Judge QUINN dissents.